IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FRED FREEMAN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 2024 |
| | ) | |
| **PENNYMAC CORPORATION and** | ) | |
| **J.P. MORGAN CHASE BANK,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Fred Freeman ("Freeman") has submitted a self-prepared Complaint -- "self-prepared" in the sense that he has reproduced in typewritten form the text of the Clerk's-Office-supplied printed Complaint designed for use by pro se plaintiffs who seek to advance constitutional claims actionable under 42 U.S.C. § 1983 ("Section 1983"). Because Freeman has chosen the wrong forum and the wrong legal vehicle for asserting his grievance, this sua sponte opinion dispatches both his Complaint and this action at the outset.

Freeman appears to be laboring under the misapprehension that the federal courts are a judicial haven for anyone who feels that he or she has been wronged by someone else, rather than the actual situation in which the federal courts have limited jurisdiction under which they are authorized to entertain only such actions as Congress has prescribed. Here Freeman targets Pennymac Corporation and J.P. Morgan Chase Bank as his only defendants, and when Freeman's account of his legal problems reaches the Complaint IV Statement of Claim stage, that Statement's garbled account of Freeman's grievance reflects his contention that the handling of the mortgage foreclosure of real estate at 272 Berkeley Drive in Bolingbrook, Illinois has been mishandled.

But in his effort to get through the federal courthouse door to advance that contention, Freeman asserts this well into his Statement of Claim:

> Defendant is a state actor, because in the United States law, a state actor is a person who is acting on behalf of a governmental body and is therefore subject to regulations under the United States Bill of Rights, including the First, Fifth and Fourteenth Amendments, which prohibit the federal and state governments from violating certain rights.

That is simply wrong. Instead the plain truth is that neither defendant is a "state actor" (a term of art intended to signify the "under color of law" requirement of Section 1983), nor have any of Freeman's rights under the United States Constitution been violated under the narrative that he presents, so that federal subject matter jurisdiction is lacking.

Accordingly both Freeman's Complaint and this action are dismissed for lack of such jurisdiction. And because Freeman's contemporaneously filed Lis Pendens Notice consequently has no force or effect, it is stricken. Finally, under the circumstances this Court expresses no view as to Freeman's substantive claim, and this dismissal is without prejudice to Freeman's possible advancement of his claim in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 10, 2015