### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **FRED FREEMAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 2024 |
| | ) |
| **PENNYMAC CORPOR[A]TION** and | ) |
| **J.P. MORGAN CHASE BANK,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On March 10, 2015 this Court issued its sua sponte memorandum opinion and order ("Opinion") that dismissed the self-prepared Complaint and this action by Fred Freeman ("Freeman") because his difficult-to-follow statement of a grievance did not come within the limited jurisdiction that Congress has conferred on the federal courts (as stated in the Opinion, Freeman had purported to bring suit under 42 U.S.C. § 1983 ("Section 1983") and had mistakenly designated his targeted defendants, Pennymac Corporation and J.P. Morgan Chase Bank, as "state actors" -- that is, as having acted "under color of law" as required by Section 1983). As the Opinion concluded:

> Accordingly both Freeman's Complaint and this action are dismissed for lack of such jurisdiction. And because Freeman's contemporaneously filed Lis Pendens Notice consequently has no force or effect, it is stricken. Finally, under the circumstances this Court expresses no view as to Freeman's substantive claim, and this dismissal is without prejudice to Freeman's possible advancement of his claim in a state court of competent jurisdiction.

Now Freeman has tendered another document that begins by reprinting the first page of his original filing, except that he has hand-printed the capitalized word "AMENDED"

immediately before "COMPLAINT" in designating the purported nature of that new document.[1] This time Freeman has shifted gears entirely, for he has named the identical defendants but has devoted his statement of claim to a one-page lecture about the nature and characteristics of real estate investment trusts (in common usage, "REITs"), preceded by this assertion:

> Defendants failed to have the required members in the real estate investment trust to meet the standards for the tax deduction on all investment[s] in the trust.

And Freeman has followed his brief lecture with this unsupported pronouncement and request:

> Result all transactions are void in accordance with the transfer and conveyance act. Wherefore Plaintiff respectfully request that Defendants investment trust be deemed void and a declaratory judgment voiding the mortgage of Plaintiffs property.

In federal subject matter terms Freeman's current unsolicited submission fares no better than his original. This Court too is capable of repetition, and it therefore strikes the purported filing, reconfirms its earlier dismissal of this action for lack of federal subject matter jurisdiction and again states that Freeman may perhaps choose to advance his claim (whatever it seems to be) in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 19, 2015

---

[1] It is unclear whether the new document was prepared before or after Freeman received the Opinion, for he still purports to proceed under Section 1983.